# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTEL VADNEY,<br><br>                      Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,<br>  Acting Commissioner of Social Security,<br><br>                      Defendant. | 3:18-cv-00211-HDM-CBC<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Christel Vadney's ("Vadney") application for disability insurance pursuant to Titles II of the Social Security Act, 42 U.S.C. §§ 1381-1383. Currently pending before the Court is Vadney's motion for remand. (ECF No. 15.) In this motion, Vadney seeks the reversal of the administrative decision and remand for an award of benefits. (*Id.*) The Commissioner filed a cross-motion to affirm. (ECF No. 86.) For the reasons set forth herein, the Court recommends that Vadney's motion for remand, (ECF No. 15), be denied, and the Commissioner's cross-motion to affirm, (ECF No. 18), be granted.

## I.    STANDARDS OF REVIEW

### A.    Judicial Standard of Review

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

---

[1] This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and

analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social

Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW").

20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    CASE BACKGROUND**

   A.    ALJ's Findings

Vadney applied for disability insurance benefits ("DIB") on October 1, 2013 with an alleged onset date of June 30, 2008. (AR 151, 157.) The application was denied initially (AR 82-85), and on reconsideration. (AR 86-88.) Vadney appeared at a hearing before an Administrative Law Judge ("ALJ") on September 22, 2016. (AR 37-49.) On November 2, 2016, the ALJ denied Vadney's claims. (AR 71-78.)

At the outset, the ALJ found Vadney met the insured status requirements of the Act with respect to her DIB claim through June 30, 2009.[2] (AR 73.) At step one, the ALJ

---

[2]    "[O]nly disabilities existing before [a claimant's insured status expires] can trigger insurance benefits." *See Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984). As such, this Court shall limit its' discussion to the relevant time period and records therein.

found Vadney had not engaged in substantial gainful activity since the alleged onset date of June 30, 2008. (*Id.*) At step two, the ALJ found Vadney had the following severe impairments: arteriovenous malformation of the right knee and migraines. (AR 73-74.) At step three, the ALJ found Vadney does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (AR 74.) The ALJ then concluded Vadney had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, including heavy work. (AR 74-76.) At step four, the ALJ found Vadney has no past relevant work. (AR 76.) At the fifth and final step, the ALJ determined, given Vadney's RFC, there were jobs that existed in significant numbers in the national economy which she could have performed. (AR 76-77.) On that basis, the ALJ concluded Vadney was not disabled as defined in the Social Security Act. (AR 77.)

On December 26, 2017, the Appeals Council granted review, and accepted additional briefing and exhibits. (AR 151-153.) The Appeals Council issued a decision on March 8, 2018, disagreeing with the ALJ's step two finding, but agreeing with the ALJ's conclusion that Vadney is not disabled as defined in the Social Security Act. (AR 5-11.) The Appeals Council found Vadney did not have any severe impairments and the objective medical evidence is insufficient to show more than slight abnormalities that would have no more than a minimal effect on Vadney's abilities and/or activities. (AR 9.) On that basis, the Appeals Council concluded Vadney is not disabled. (AR 5-11.) The Appeals Council's decision is the final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

/ / /

/ / /

/ / /

---

However, the Court notes Vadney is not precluded from filing another claim for disability benefits related to disabilities that arose *after* the relevant time period. *See, e.g., Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001) ("Plaintiff is free to file a new application for benefits based on [new disabilities]").

### III. ISSUES

Vadney seeks judicial review of the Commissioner's final decision denying her DIB under Title II of the Social Security Act. (ECF No. 15.) Vadney raises the following three issues for this Court's review:

1. Whether Vadney's symptom claims were properly discredited;
2. Whether lay witness testimony was properly discredited; and,
3. Whether the Appeals Council properly weighed the medical evidence in finding no severe impairments.

### IV. DISCUSSION

#### A. Adverse Credibility Finding

Vadney argues the ALJ failed to provide specific findings for discrediting her symptom claims, instead improperly relying on a "single insufficient issue."[3] (ECF No. 15 at 7-11.)

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154m 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*,

---

[3] The Appeals Council adopted the reasoning of the ALJ in this instance. (AR 5.)

504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and, (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

A review of the record shows the ALJ provided specific, clear, and convincing reasons for finding Vadney's statements concerning the intensity, persistence, and limiting effects of her symptoms less than credible.

i.   *Objective Medical Evidence*

The ALJ found Vadney's alleged physical impairments and their corresponding symptoms were not supported by the medical evidence. (AR 75-76.) Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

As the ALJ noted, very few objective findings support the level of limitations alleged. (AR 75-76.) The record supports the ALJ's findings. There are only three instances during the relevant time period where Vadney sought treatment, two of which are unrelated to the alleged symptoms. (AR 247-252, 254, 256-259.) First, she was seen June 8, 2008 for a migraine, which was treated and stabilized. (AR 247-252). Next, she was seen February 14, 2009 for a foot injury due to a piece of concrete falling of her left foot the day before. However, x-rays came back normal. (AR 254.) Lastly, she was seen June 30,

2009 for left knee pain and left leg pain. The medical tests showed no abnormalities with either the knee or the leg. (AR 256-259.) Therefore, none of the relevant medical records support Vadney's alleged symptoms.

Moreover, Vadney herself reported that she did not stop working because of her alleged symptoms until November 1, 2009, well outside of the relevant time period. (AR 184-185.) In fact, she reports she did not work at the job she testified about during the relevant time period. She started that job on October 2009, roughly four months after the relevant time period ended. (AR 186.) This supports the ALJ's findings that the objective medical evidence does not reflect the alleged symptoms between June 30, 2008 and June 30, 2009.

Because an ALJ may discount pain and symptom testimony based on lack of medical evidence, as long as it is not the *sole* basis for doing so, the ALJ did not err when he found Vadney's complaints were not supported by objective medical evidence.

ii.   *Failure to Seek Treatment*

Next, the ALJ found the degree of limitation Vadney alleged to be inconsistent with the minimal treatment she sought. (AR 75-76.) The medical treatment a claimant seeks to relieve their symptoms is a relevant factor in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv), (v). "[I]n assessing a claimant's credibility, the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina*, 674 F.3d at 1113 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).

The ALJ noted, despite the severe symptoms Vadney alleged, Vadney underwent minimal treatment during the relevant time period. (AR 75-76.) The majority of the record, the ALJ observed, relates to "medical records [which] are outside the relevant time period." (AR 76.) Vadney did not complain of, or seek treatment for, any of the symptoms she alleges from June 30, 2008 to June 30, 2009, with the exception of one emergency room visit for a migraine. Vadney testified she could not work because of her neck and hand pain in addition to her difficulties concentrating due to her attention deficit disorder ("ADD").

9

1  (AR 40-45.) However, she sought no treatment for ADD, neck pain or hand pain, not even
2  to refill medications. The ALJ found Vadney's credibility diminished by the minimal
3  treatment she sought.
4  Vadney ignores this reasoning, focusing instead on the first reason given by the
5  ALJ. (ECF No. 15 at 7-11.) Vadney fails to proffer an explanation for her failure to seek
6  treatment. Therefore, the Court finds the ALJ, and in turn the Appeals Council, properly
7  relied on Vadney's inadequately explained failure to seek treatment, which constitutes a
8  clear and convincing reason for discrediting her. *Molina*, 674 F.3d at 1113.
9        B.      <u>Lay Witness Testimony</u>
10  Next, Vadney argues the ALJ and Appeals Council erred in failing to address the
11  letter sent by her husband, Glenn Vadney, describing her limitations. (ECF No. 15 at 11-
12  14.)
13  Lay testimony as to a claimant's symptoms or how an impairment affects the
14  claimant's ability to work is competent evidence the ALJ must consider and cannot dismiss
15  without comment. *Molina*, 674 F.3d at 1114. "To reject third-party reports of a claimant's
16  impairments, the standard is much lower: an ALJ need only 'give reasons that are
17  germane to each witness.'" *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting
18  *Molina*, 674 F.3d at 1114).
19  Vadney submitted her husband's letter to the Appeals Council, which made that
20  evidence part of the administrative record. (AR 11, 213-215); *Brewes v. Comm'r of Soc.*
21  *Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). Accordingly, the Court must
22  evaluate this evidence when determining whether substantial evidence supports the ALJ's
23  decision. *Id.* The Court finds the letter does not divest the ALJ's decision of substantial
24  evidence. Similar to Vadney's own testimony, the letter describes Vadney's symptoms,
25  activity limitations, and medical issues. (AR 41-49, 213-215.) However, as the ALJ
26  explained in discounting Vadney's subjective complaints, the records do not support her
27  claim of disability. (AR 71-78.) The letter, like Vadney's testimony, is unsupported by the
28  objective medical evidence and primarily addresses incidents outside of the relevant time

1 period. (AR 213-215.) Additionally, the letter fails to explain why, if her alleged symptoms
2 were so severe, Vadney did not seek treatment. (*Id.*) Where an ALJ gives germane
3 reasons for rejecting a claimant's testimony, those reasons are equally germane to
4 rejecting similar testimony by a lay witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574
5 F.3d 685, 694 (9th Cir. 2009). This is true even where the claimant submits a lay witness
6 opinion to the Appeals Council for the first time. *See Johnson v. Berryhill*, 708 F. App'x
7 345, 346 (9th Cir. 2017) (holding that the lay witness evidence submitted to and
8 considered by the Appeals Council did not undermine the ALJ's decision because the lay
9 witness statement was similar to the claimant's testimony, which the ALJ properly
10 discounted, and because an ALJ "may reject the lay witness testimony for the same
11 reasons he rejected the claimant's testimony"). Therefore, neither the ALJ nor the Appeals
12 Court erred in rejecting the lay witness testimony.

13       3.    <u>Finding of Only Slight Abnormalities</u>

14     Vadney contends the Appeals Council erred in finding she does not have severe
15 impairments, only slight abnormalities. (ECF No. 15 at 14-18.)

16     The ALJ found there were the following severe impairments: arteriovenous
17 malformation of the right knee and migraines. (AR 73-74.) However, the Appeals Council
18 disagreed with the ALJ's determination. (AR 9.) The Appeals Council found that during
19 the relevant time period the objective medical evidence was "[in]sufficient to establish
20 more than slight abnormalities that would have more than a minimal effect on the
21 claimant's ability to do basic physical and/or mental work activities." (*Id.*)

22     Vadney challenges this finding by pointing to medical records that show: she was
23 diagnosed and treated for an arteriovenous malformation of her right knee in November
24 of 2000; she had a hysterectomy sometime in 2000, 2001, or 2002; she had a computed
25 tomography scan of her abdomen in 2010 which did not reveal any abnormalities; she was
26 diagnosed with ADD in 2006; and, she went to the emergency room and was successfully
27 treated for a migraine in 2008. (AR 217-222, 224-225, 226, 231-236, 239-240.) She
28

argues these records are enough to establish she has severe impairments. (ECF No. 15 at 14-18.)

However, the mere fact a claimant received a diagnosis does not mean it is either severe or disabling. *See Sample v. Schweiker*, 694 F.2d 639, 642-43 (9th Cir. 1982) (noting the existence of a diagnosed disorder "is not per se disabling," so "there must be proof of the impairment's disabling severity"); *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (stating a claimant "must show more than the mere presence of a condition or ailment" at step two) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (explaining "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition," and holding that the Appeals Council did not err in finding a claimant's diagnosed arthritis not severe where "the doctor's reports are silent regarding any limitations, as well as the intensity, frequency, and duration of the claimant's pain).

In the medical records pointed to by Vadney, none of the doctors opine as to what her limitations may be, nor do they detail the duration or frequency of her alleged symptoms. In fact, many of the records show no abnormalities or that treatment had been successful, and, in the case of Vadney's migraines, the records show her symptoms are controlled with medication. *See Kassebaum v. Comm'r of Soc. Sec.*, 420 Fed. App'x 769, 772 (9th Cir. 2011) (holding the ALJ did not err in finding carpal tunnel syndrome was not a severe impairment because surgery had been successful); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting the claimant's impairments were responsive to medication). Thus, the Appeals Council did not err in finding Vadney has only slight abnormalities.[4]

---

[4] Even if the Appeals Council did err in this finding, the error would be harmless as substantial evidence supports the ALJ's decision to deny benefits, as detailed above.

## IV. CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ and Appeals Council's decision is wholly supported by substantial evidence and recommends the decision be affirmed. The Court therefore recommends Vadney's motion for remand (ECF No. 15) be denied, and the Commissioner's cross-motion to affirm (ECF No. 18) be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for remand (ECF No. 15) be **DENIED** and Defendant's cross-motion to affirm (ECF No. 18) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: August 2, 2019.

_____
UNITED STATES MAGISTRATE JUDGE